FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 28 2007

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-cv-00259-RPM-CBS

GREGORY A. MUNS

Plaintiff,

v.

SUN MICROSYSTEMS, INC., a Delaware
corporation,

Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Gregory A. Muns ("Plaintiff"), by and through his undersigned counsel, together with Sun Microsystems, Inc. ("Defendant"), by and through its undersigned counsel, hereby stipulate and agree that the following protective order shall govern discovery in the above-captioned case. Plaintiff and Defendant (collectively the "Parties") further request that the Court enter this stipulated protective order as follows:

IT IS HEREBY AGREED AND ORDERED:

1. <u>Definitions</u>: For purposes of this Protective Order the following capitalized terms shall have the meanings indicated:

    a. "Counsel" shall mean both in-house counsel and the outside law firms who are counsel of record for the respective Parties in this matter including their regularly employed staff who are authorized to receive information in connection with their work relating to this matter.

    b. "Document" means all materials within the scope of Rule 34, Federal Rules of Civil Procedure, including all software, source code, patents or applications for patents, new product releases, trade releases, advertisements, circulars or trade letters,

correspondence, memoranda, records, reports, notes, notebooks, diaries, calendars, plans, drawings, sketches, diagrams, photographs, photocopies, charts, graphs, minutes of meetings, conferences and telephone or other conversations, personnel files, payroll records, drafts, proposals, books, papers, computations, tabulations, schedules, lists, proposals, specifications, invoices, purchase orders, vouchers, checks, books of original entry and other books of records, recordings, publications, or any other written, printed, typewritten or other graphic or photographic matter or tangible thing on which any words or phrases are affixed, including microfilm, microfiche, or other reproductions of film impressions, all mechanical and electronic sound or video recordings or transcripts of the above, all magnetic recordings or matter existing in any other machine-readable form however produced or reproduced, and all computer files. The term "document" also includes electronically stored data, including e-mails, from which information can be obtained either directly or indirectly or by translation through detection devices or readers (any such document is to be produced in a reasonably legible and useable form). The term "document" includes the original document (or a copy thereof if the original is not available) and all copies which differ in any respect from the original, including but not limited to any notations, underlining, marking or information not on the original. The term "document" also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, prototypes, models, and specimens.

        c.        "Requesting Party" shall mean the party to this lawsuit seeking disclosure of information in response to Rule 26 obligations, written discovery, requests for admission, deposition questions or otherwise.

        d.        "Proprietary Information" shall mean a trade secret or other proprietary or confidential Documents or other information including but not limited to, business, accounting, sales, marketing, tax, and employment records, personnel files, personnel information, payroll records, documents relating to personnel policies, procedures, or actions, documents relating to employee complaints, training procedures, design drawings in any medium, licenses, agreements, and contracts, trade data and research and development documents, seismic or geological data, customer lists, and computer software programs in source code or object code.

        e.        "Personal Information" shall mean medical, financial or other private information of a named party, immediate family of a named party, or past or present employee of a named party, including but not limited to, medical and psychological records, social security information, tax records, and banking, investment and financial records.

        f.        "Confidential" information shall mean Proprietary Information or Personal Information the disclosure of which shall be restricted as set forth in paragraph 3 below. Confidential information and all other information disclosed in this lawsuit shall be used

2

solely for purposes of this action and shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding.

2.   Designations:

   a.   <u>Documents and Responses to Written Discovery</u>: Each interrogatory answer or portion thereof, each answer to requests for admission or portions thereof, and each page of a Document produced in this matter or portions thereof, which is deemed by a party to disclose Proprietary or Personal Information of that party, shall be so identified by that party by stamping each and every page of the appropriate Document with the term "Confidential." The identity of the classifying party need not be provided if it is indicated as part of the production number (e.g. plaintiff's document "P00001") contained on the document. The identification and designation of Proprietary or Personal Information shall be made at the time when the answer to the interrogatory or the request for admission is served and/or when a copy of the Document is provided to the Requesting Party.

   b.   <u>Document Inspections</u>: The Parties recognize that in some instances it may not be possible to identify or designate specific Documents containing Proprietary or Personal Information prior to inspection due to the volume of Documents and/or the legitimate desire of a party not to mark its original records. In such circumstances, only Counsel for the Requesting Party shall be permitted to perform any initial review of the Documents. No Documents of the party producing Documents shall be removed from the site of the inspection or copied until such producing party has had an opportunity to review and designate such Documents in the manner previously explained. Any Documents which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed whether at a document inspection or otherwise shall immediately be returned by the receiving party and the privileges shall remain intact.

   c.   <u>Testimony and Depositions</u>: For testimony and depositions, the entire testimony or portions thereof believed by the disclosing party to contain Proprietary or Personal Information should so be designated at the time such testimony is given and shall be treated as such according to the terms of this Order. Separate volumes of transcripts shall be prepared and prominently marked as "non-confidential" or "Confidential," but shall be continuously paginated in the same order as testimony was taken at the deposition.

   d.   <u>Belated Designation</u>: Notwithstanding the obligations to timely designate Proprietary or Personal Information under the foregoing paragraphs 2(a), (b) and (c), nothing contained herein shall preclude a party from later changing that designation and notifying the other party in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by the Requesting Party

3

or its Counsel with respect to such information and consistent with the original designation of such information prior to receipt of such notice.

3. <u>Disclosure of Confidential Information</u>: Disclosure of Confidential information shall be limited to the following persons:

    a. The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

    b. Any named party or its employees, Counsel to such Parties whether or not they have entered appearances in this action, and legal, clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel, including outside copying services;

    c. Experts or consultants retained by counsel in connection with this action, whether testifying or non-testifying, and provided that such expert or consultant signs an Acknowledgement in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order ;

    d. Deposition witnesses questioned by outside counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that such witness signs an Acknowledgement in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order.

    e. An author or recipient of the Confidential material to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such author or recipient signs an Acknowledgement in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order.

    f. The claims counsel or representative of any insurer of any party to this action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this action.

    g. Any individual identified by a party as a person with knowledge under Rule 26, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such individual signs an Acknowledgement in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order.

4. <u>Obligations of Counsel</u>: It shall be the responsibility of Counsel for the respective Parties herein to ensure strict compliance with the provisions of this Protective Order in their dealings with Confidential Information, and it shall be the responsibility of Counsel to

take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine Confidential Information as provided herein. Counsel shall maintain a permanent record setting forth: (1) the identity of all persons who examine or are afforded access to Confidential Information under their direction or the direction of the party they represent; and (2) the identity by document number of the specific Documents, discovery responses and depositions so examined or accessed. All persons responsible for determining that discovery responses, Documents and depositions contain Confidential Information shall be familiar with this Order and the scope of its protection. All Confidential Information including any and all copies thereof shall be kept by Counsel in a place appropriately safe, given its status.

     5.    <u>Pleadings</u>: All papers, documents and transcripts containing or revealing the substance of Confidential Information shall be filed in sealed envelopes in accordance with Local Rule 7.3, D.C.Colo.LCivR, and marked:

**CONFIDENTIAL**

FILED UNDER SEAL PURSUANT TO AN ORDER DATED _____

2004, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

OBTAINED DURING THE COURSE OF THIS LITIGATION.

THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF

DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT

ORDER.

     6.    <u>Conclusion of the Litigation</u>: Within thirty days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, Counsel and all other persons having possession or control of another party's Confidential Information thereof shall: (a) return all Confidential Information and any copies thereof to the appropriate Counsel who produced the Confidential Information; (b) destroy such Confidential Information and all copies to the extent it contains or is contained in any notes, summaries, digests, synopses or other document added by Counsel or any other person after production. Each party shall give written notice of such destruction to all Counsel. Counsel shall also provide the opposing party with the originals of all acknowledgment forms executed by consultants or other persons pursuant to paragraph 3, and with a copy of the record of persons and information required to be maintained pursuant to paragraph 4.

      7.      Contested Designations: A party shall not be obligated to challenge the propriety of designating any Confidential Information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the supplying party of any information as "Confidential," the Parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The Parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order. This Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information is or is not, in fact Confidential Information. While Confidential Information shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue nothing shall be regarded by the Court as Confidential Information protected hereunder if it is demonstrated that such information is in the public domain at the time of disclosure.

      8.      Non-waiver: The production of Documents by a party under the terms of this Order and in response to a request by opposing party shall not be construed to mean that the party producing the Document has waived any objection to the production, relevancy or admissibility of said Document. Nothing contained herein shall preclude any party from opposing any discovery on any basis.

      9.      Trial Procedures: In the event that any Confidential material is used in any Court proceeding in this action or any appeal therefrom, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the course of any Court proceedings including, but not limited to, requesting the Court to hear counsel with respect to such information *in camera*. No party who has received Confidential material shall offer it into evidence or otherwise tender it to the Court in any proceeding, without first advising the Court and the party designating the material Confidential of its intent to do so. At that point, the designating party may seek such protection from the Court as it deems appropriate, including the exclusions of persons and witnesses from the courtroom or the sealing of the pertinent parts of the Court records. The use of Confidential material in any Court proceeding shall not prejudice in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of such material.

      10.      Additional Parties: In the event additional Parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Order and provided a copy of same to all other counsel in this action.

      11.      Modification: Stipulations may be made, between Counsel for the respective Parties, as to the application of this Order to specific situations (e.g., documents which are so voluminous that it would be overly burdensome to mark each page thereof individually)

provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

       12.    Interim Effect: This Protective Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court. For purpose of proceeding with discovery without delay, pending the Court's approval of this Order, any Confidential Information produced under the terms of this Order shall be protected by the Parties pursuant to these terms.

7

Entered this 27th day of June, 2007.

U.S. DISTRICT COURT JUDGE

By: /s/ Hand P. Walsh

AGREED AND STIPULATED TO:

/s/ Steven J. Merker
Steven J. Merker
Jennifer N. Good
DORSEY & WHITNEY LLP
370 17th Street, Suite 4700
Denver, CO 80202
Telephone:   303-629-3400
Fax:         303-629-3450

*Attorneys for Defendant*
*Sun Microsystems, Inc.*

/s/ Richard A. Marsh
Richard A. Marsh
Samson, Pipis & Marsh, LLC
255 Weaver Park Road #200
Longmont, CO 80501
Telephone:   303-776-8499
Fax:         303-776-5444
Email: ramarsh@spmlawyers.com

*Attorneys for Plaintiff*
*Gregory A. Muns*

## EXHIBIT A

## ACKNOWLEDGMENT

The undersigned acknowledges that he or she has read the foregoing Stipulated Protective Order agreed to by the Parties and entered by the Court in this action and agrees to be bound by its terms.

_____
(Signature)

_____
(Printed Name)

_____
(Date)

9